COMMONWEALTH *vs.* STEPHEN LAROCHELLE.

Worcester.  June 28, 1928. — September 20, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Escape from Penal Institution.  Pleading, Criminal, Indictment.*

The "prison camp and hospital at West Rutland," described in G. L. c. 125, § 39, is a penal institution and is correctly described in an indictment charging an escape "at Rutland" under G. L. c. 268, § 16, as "the Prison Camp and Hospital at said Rutland."

A defendant, indicted under G. L. c. 268, § 16, for an escape from land appurtenant to the prison camp and hospital "at Rutland," properly may be found guilty on evidence that he had been sentenced and com-

mitted to the State prison, and later transferred therefrom by order of the commissioner of correction to the prison camp at Rutland; that before the expiration of his sentence he was permitted to go from the kitchen, where he had been at work, to attend a ball game at a baseball field about an eighth of a mile distant on land, used for recreation of the inmates of the institution, belonging to the institution and under the control of its superintendent; that he was seen to go toward the ball field, but was not present at roll call after the game and was not again at the prison camp; and that no permission was given him to absent himself except to attend the ball game.

INDICTMENT, found and returned on October 16, 1926, charging that the defendant "of Rutland" on June 18, 1926, "at Rutland . . . did escape from land appurtenant to a penal institution, to wit: the Prison Camp and Hospital at said Rutland, the said Stephen LaRochelle being a prisoner therein."

The indictment was tried in the Superior Court before *Dillon*, J. Material evidence is stated in the opinion. There was a verdict of guilty and the defendant appealed and assigned error, as stated in the opinion.

The case was submitted on briefs.

*S. LaRochelle, pro se.*

*C. B. Rugg*, District Attorney, *E. G. Norman & O. A. Hoban*, Assistant District Attorneys, for the Commonwealth.

WAIT, J. The defendant was indicted for escaping from land appurtenant to a penal institution, the prison camp and hospital at Rutland, when a prisoner therein on June 18, 1926.

At the trial, by order of the judge, the evidence was taken and transcribed by the court stenographer pursuant to St. 1926, c. 329. The only assignment of error is to the refusal of the judge to direct a verdict for the defendant on the ground that there was no sufficient evidence to support the indictment.

There was evidence that the accused had been sentenced and committed to the State prison, and later transferred therefrom by order of the commissioner of correction to the prison camp at Rutland on April 25, 1926; that on June 18, before the expiration of his sentence, he was permitted to go from the kitchen, where he had been at work, to attend at a ball game at a baseball field about an eighth of a mile distant

on land, used for recreation of the inmates of the institution, belonging to the institution, and under the control of its superintendent; that he was seen to go toward the ball field, but was not present at roll call after the game and was not again at the prison camp; that no permission was given him to absent himself except to attend the ball game. He was returned to the State prison on August 19, 1927.

Section 39 of G. L. c. 125 declares the prison camp and hospital at West Rutland to be the institution to which male prisoners who have shown by conduct and disposition that they would be amenable to less rigorous discipline and would benefit from work in the open air may be removed from the State prison, Massachusetts reformatory, State farm and jails and houses of correction. It is thus, manifestly, a penal institution. It is in terms recognized as such an institution by G. L. c. 268, § 16, which imposes the penalty for escaping from "any penal institution, or from land appurtenant thereto," and upon which the indictment in this case is based.

It is immaterial that the original commitment of a prisoner is not made to the prison camp and hospital. The commissioner of correction is given authority to remove prisoners thither from the institution to which they were originally committed, and at any time to return them. G. L. c. 127, §§ 79, 109. While at the camp they are in the custody of the superintendent. G. L. c. 125, § 40. They are prisoners.

West Rutland is not a municipal corporation but is part of the town of Rutland. The jury could find that the prison camp and hospital alleged in the indictment to be at Rutland, was the institution referred to in the statute as the prison camp and hospital at West Rutland.

The evidence justified findings that the defendant on June 18, 1926, was a prisoner in the prison camp, a penal institution; that he absented himself without leave from land appurtenant thereto; and thus was guilty of an escape. See *Commonwealth* v. *Farrell*, 5 Allen, 130.

There was no error in refusing to direct an acquittal.

*Judgment affirmed.*