RONEY v. RODGERS, SHERIFF.

[No. 23,487. Filed April 14, 1921.]

1. HABEAS CORPUS.—*Special Findings.—Statute.—Applicability.*—Section 577 Burns 1914, §551 R. S. 1881, providing that the court shall, at the request of either party, make a special finding of the facts and state conclusions of law thereon, has no application to *habeas corpus* proceedings. p. 369.

2. HABEAS CORPUS.—*Exceptions to Recitals of Fact in General Finding.—Questions Presented.*—In a *habeas corpus* proceeding, the trial court's finding in three paragraphs in favor of defendant amounts only to a general finding and plaintiff's exceptions to the different recitals of fact contained therein present no questions for review. p. 370.

3. APPEAL.—*Questions Presented.—Exception in General Terms to Judgment.*—An exception in general terms to a judgment presents no question for review. p. 370.

4. HABEAS CORPUS.—*Insane Petitioner.—Right to Writ.—Statutes.*—Under §§1164, 3729 Burns 1914, §§1107, 2868 R. S. 1881, a petitioner for *habeas corpus* who was really insane at the time

he was detained at the county jail was not entitled to be wholly discharged until cured, even though his confinement may have been in some ways irregular.	p. 371.

5. APPEAL.—*Review.*—*Judgment.*—*Presumptions.*—All presumptions are in favor of the action of the trial court, except as it is made affirmatively to appear that error was committed.	p. 371.

From Starke Circuit Court; *William C. Pentecost,* Judge.

*Habeas corpus* proceeding by Henry C. Roney against Clement L. Rodgers, sheriff of the county of Starke. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Harry C. Miller,* for appellant.

EWBANK, J.—This was an action of *habeas corpus* brought by the appellant against the sheriff of Starke county, Indiana. The petition alleged that appellant was unlawfully detained in the county jail, and that he believed it was under a warrant of commitment issued by the clerk upon the affidavit of a physician in the form prescribed by §3723 Burns 1914, §2862 R. S. 1881, charging that appellant had once been adjudged insane and was an inmate of an insane hospital for a time, and that he was now insane, as appeared from certain symptoms enumerated. As to these alleged symptoms it is enough to say that, if what was charged in the affidavit was true, the petitioner was a proper subject for restraint, either as insane or for criminal misconduct. Appellant's petition did not allege that he was then sane or that he had recovered, but he seems to have relied on a presumption of soundness of mind.

Appellee's motion to quash the writ of *habeas corpus* was overruled; and a return was filed, to which appellant filed exceptions. But it does not appear that any 1. ruling was made upon the exceptions. The record recites that an amended return was then filed,

but does not contain the amended return. Appellant then filed a denial of certain alleged statements in the amended return which do not appear in the only return set out in the transcript. There was a hearing and the court made a finding in three paragraphs, to the second and third of which appellant "excepted." No request had been made for a special finding, and, if there had been, the statute (§577 Burns 1914, §551 R. S. 1881), which provides that the court shall, at the request of either party, make a special finding of the facts and state conclusions of law thereon, has no application to *habeas corpus* proceedings. *Schleuter* v. *Canatsy* (1897), 148 Ind. 384, 385, 47 N. E. 825; *Starr* v. *Swain* (1914), 182 Ind. 313, 315, 106 N. E. 357.

Nor did the trial court state any conclusions of law upon the facts stated in its finding. The finding amounts only to a general finding in favor of the

2. defendant, and appellant's exceptions to the different recitals of facts contained in it present no questions for review.

The judgment was that the petitioner should be released from the county jail and transferred to the Northern Hospital for the Insane, at Longcliffe,

3. and the court ordered that "evidence as to the sanity or insanity of the petitioner will not be heard by this court and that all motions filed herein, rulings thereon and exceptions thereto be made a part of the record without a bill of exceptions." Appellant then "excepted" to the judgment, but no motion was made to modify or change it, and no particular in which it was irregular was specified. An exception in general terms to a judgment presents no question for review on appeal. *Benefiel* v. *Aughe* (1884), 93 Ind. 401; *Hormann* v. *Hartmetz* (1891), 128 Ind. 353, 358, 27 N. E. 731.

There is no bill of exceptions in the record, and the

order of court which directs that certain matters be made part of the record does not recite nor set out any of them. *Close* v. *Pittsburgh, etc., R. Co.* (1898), 150 Ind. 560, 562, 50 N. E. 560; *Russ* v. *Russ* (1895), 142 Ind. 471, 474, 41 N. E. 941; Ewbank's Manual (2d ed.) §§27, 36.

There is nothing in the transcript, aside from the recital in the judgment that "evidence as to the sanity or insanity of the petitioner will not be heard," to suggest that the petitioner had any witnesses in court or offered to introduce any evidence. If it were shown by a proper bill of exceptions that a competent witness was called by the appellant for examination, and that an offer was made to prove certain facts by him, but that the trial court refused to permit him to be examined, or that he was asked a question which the court would not permit him to answer, and that in either case an exception was reserved by the appellant to such act of the court, some question might possibly be presented for decision. But nothing of the kind was done.

If the petitioner was really insane at the time, he was not entitled to be wholly discharged from restraint until cured, even though his confinement in the jail

4. may have been—as the court found—somewhat irregular. §§1164, 3729 Burns 1914, §§1107, 2868 R. S. 1881.

All presumptions are in favor of the action of the trial court, except as it is made affirmatively to appear that an error was committed, and in the absence

5. from the record of the amended return, and of any showing by recitals in a bill of exceptions or order of court, or otherwise that the trial court committed an error to which an exception was reserved, we cannot reverse the judgment.

The judgment is affirmed.

Townsend, J., absent.