CANFIELD v. COMMISSIONER OF PARDONS AND PAROLES.

1. CRIMINAL LAW—MAXIMUM TERM—STATUTES—SENTENCE.
   Maximum term of imprisonment for breaking and entering is governed by provisions of the statute, not that set forth in the sentence of the trial judge (3 Comp. Laws 1929, § 17336.)

2. PARDONS AND PAROLES—CONVICTION OF CRIME WHILE ON PAROLE—COMMENCEMENT OF SECOND SENTENCE.
   Statute providing that any prisoner committing a crime while at large upon parole or conditional release and being convicted and sentenced therefor shall serve second sentence to commence from date of termination of first sentence after first sentence is served or annulled is self-executing and prisoner who comes within its terms is not entitled to hearing before commissioner of pardons and paroles, hence such officer's order continuing first sentence of prisoner convicted of breaking and entering and while on parole from such sentence committed, and was convicted of, robbery armed was technically unnecessary but in accord with statute to make the record and definitely advise the convict of his status (3 Comp. Laws 1929, §§ 17513, 17516, 17524, 17526).

3. CRIMINAL LAW—SECOND SENTENCE—ANNULMENT OF FIRST SENTENCE—COMPUTATION OF TIME.

Counting time served after return to prison on sentence for second crime, committed while on parole from first sentence, until annulment of balance of first sentence pursuant to statute, as upon first sentence *held*, in accordance with statutes (3 Comp. Laws 1929, §§ 17336, 17526; Act No. 115, § 10a, Pub. Acts 1931).

Petition by Raymond Canfield for mandamus to compel Hilmer Gellein, Commissioner of Pardons and Paroles, and A. Ross Pascoe, Supervisor of Paroles, to correct certain records as to credit for time served in prison under two sentences. Submitted May 18, 1937. (Calendar No. 39,194.) Writ denied June 7, 1937.

*Raymond Canfield,* in *pro. per.*

*Raymond W. Starr,* Attorney General, *Edmund E. Shepherd* and *Andrew DeMaggio,* Assistants Attorney General, for defendants.

FEAD, C. J. December 27, 1926, plaintiff was convicted of the crime of breaking and entering a shop in the nighttime, contrary to 3 Comp. Laws 1929, § 16948 (Act No. 345, Pub. Acts 1925), which provided a maximum penalty of 15 years' imprisonment therefor. The judgment of sentence, however, read a minimum term of two years and a maximum term of five years, with recommended maximum of two years and six months.

August 20, 1928, plaintiff was released on parole. November 12, 1928, while on parole he committed the crime of robbery armed, in violation of 3 Comp. Laws 1929, § 16722 (3 Comp. Laws 1915, § 15206 as amended by Act No. 374, Pub. Acts 1927), the maximum penalty for which was life or any number of

years. On December 28, 1928, plaintiff was sentenced to serve a minimum of 20 years and a maximum of 40 years for such offense.

March 20, 1929, on report to him of plaintiff's sentence of robbery armed and on recommendation of the supervisor of paroles, the commissioner of pardons and paroles entered an order that plaintiff serve his original sentence for breaking and entering, as imposed on December 27, 1926, before beginning the serving of his sentence for robbery armed.

February 12, 1936, the commissioner, acting under Act No. 115, Pub. Acts 1931, made an order annulling the remaining portion of plaintiff's first sentence (for breaking and entering) to permit him to commence serving his second sentence (for robbery armed). Plaintiff is held by defendants and the prison officers as having commenced service of his term for robbery armed on February 12, 1936.

At no time has plaintiff had a hearing on the charge of violating his parole.

His contentions are that his first sentence would have expired by operation of law in five years, because of the judgment of the court; but that, in fact, it expired on his return to prison because the failure of defendants and their predecessors to accord him a hearing for violation of parole estopped the State from further imprisoning him under the first sentence; that the order continuing his first sentence after his return to prison was unwarranted and unlawful; that his second sentence commenced to run on December 28, 1928, the day it was imposed; and that defendants refuse to correct the records of their department and of the prison to conform to his legal rights.

The action is mandamus, to require defendants to accord plaintiff credit on the term for robbery

armed of all time served since December 28, 1928, and to correct the records accordingly.

In 1926, when plaintiff was sentenced for breaking and entering, as now, the indeterminate sentence law provided:

"The maximum penalty provided by law shall be the maximum sentence in all cases except as herein provided and shall be stated by the judge in passing sentence." 3 Comp. Laws 1915, § 15859; 3 Comp. Laws 1929, § 17336.

The statute governed the maximum term; the court could not change it; the provision in the judgment of sentence of a maximum term of five years was a nullity; by force of law, the sentence ran to a maximum term of 15 years. *In re Evans,* 173 Mich. 25. Consequently plaintiff's sentence for breaking and entering was in force and unexpired at the time of his second sentence.

Under 3 Comp. Laws 1929, §§ 17516, 17524, the governor or the warden or superintendent of the prison may return a paroled convict to the prison under the conditions named in the statute. Under sections 17524 and 17513 report of the return and the reasons therefor must be made to the commissioner of pardons and paroles, who in turn is required to give the convict a hearing and permit him to show cause, if any, why the original sentence imposed upon him should not be executed.

But 3 Comp. Laws 1929, § 17526 (also 3 Comp. Laws 1915, § 15868) provides:

"Sec. 10. Any prisoner committing a crime while at large upon parole or conditional release and being convicted and sentenced therefor shall serve the second sentence to commence from the date of termination of the first sentence after the first sentence is served or annulled."

Section 17526 is mandatory and self-executing, having reference to a special condition, and is not governed by the machinery covering violations of paroles. Automatically, a prisoner who comes within its provisions continues to serve his first sentence and he is not entitled to a hearing before the commissioner for violation of parole. Technically, the order of the commissioner continuing plaintiff's first sentence was not necessary. But it was in accord with the statute and was proper procedure to make the record and definitely advise the convict of his status.

The subsequent annulment of plaintiff's first sentence by the commissioner was under Act No. 115, Pub. Acts 1931, which adds a section to the statute immediately following section 17526.

"Sec. 10-a. The power to annul the remaining portion of a first sentence referred to in the next preceding section of this act is hereby vested in the commissioner of pardons and paroles."

The acts of defendants and their predecessors in counting, as upon his first sentence, time served by plaintiff after his return to prison on his second sentence and until the annulment of the first sentence by the commissioner on February 12, 1936, were in accord with the law.

Writ denied.

North, Wiest, Butzel, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.