MELLOT *v.* STATE OF INDIANA.

[No. 27,656. Filed March 30, 1942.]

*James & Allee,* of Greencastle, for appellant.

*George N. Beamer,* Attorney General, *Norman E. Duke,* Deputy Attorney General, and *Rexell A. Boyd,* of Greencastle, for the State.

ROLL, J.—Appellant was prosecuted by affidavit charging that he unlawfully escaped from the Indiana State Farm. The prosecution was under § 10-1808, Burns' 1933, § 2651-1, Baldwin's 1934.

The record shows that on the 11th day of September 1940, in the Circuit Court of Elkhart County, appellant was convicted of the crime of issuing fraudulent checks. The judgment of the court was that he be imprisoned in the Indiana State Prison for a period of not less than one year nor more than five years and fined in the sum of $100. Under the above judgment, appellant was committed to and confined in the Indiana State Prison.

Afterwards, on November 13, 1940, appellant was transferred from the Indiana State Prison to the Indiana State Farm. This transfer was made pursuant to an order of the Department of Public Welfare as provided by § 52-1104, Burns' 1933 (Supp.), § 14078-5, Baldwin's Supp., 1936, (Acts 1936 [Sp. Sess.], ch. 3, § 5 [0]); that appellant was held in said Indiana State Farm by virtue of said transfer and by no other authority.

About sixteen days after appellant was transferred to the Indiana State Farm, he went to the office and demanded that he be transferred back to the state prison at Michigan City, because he was not satisfied with the work assigned to him and that he didn't like the place. He was informed that he could not be transferred back to the state prison. A short time thereafter, appellant left the state farm without leave. After his absence was discovered, a search was made but he was not found, and the present affidavit was filed in the Putnam Circuit Court, charging appellant with unlawfully escaping from the state farm.

The record further shows that after appellant left the state farm, he "hitch-hiked" back to Michigan City, and reported to the Warden of the Indiana State Prison and told him that he had requested to be retransferred and was told that they had no authority to transfer him back to the state prison, and for that reason he

came back himself. He was returned to the Indiana State Farm at his own request, so that he could be tried upon the charge of having escaped from the state farm, which had been filed and was then pending in the Putnam Circuit Court.

Upon the affidavit and the facts as above set out, appellant was convicted in the Putnam Circuit Court for the crime of unlawfully escaping from the Indiana State Farm, as defined in § 10-1808, Burns' 1933, § 2651-1, Baldwin's 1934.

The only error assigned is the overruling of appellant's motion for a new trial on the ground that the verdict of the jury is contrary to law. Under this assigned error, appellant contends that § 10-1808 *supra,* applies only to persons sentenced to the Indiana State Farm and does not apply to the inmates who are held in custody by virtue of a transfer made pursuant to the order of the State Welfare Board. Said § 10-1808 provides as follows:

> "Any person sentenced to the Indiana State Farm, who shall escape therefrom, shall be deemed guilty of a felony, and upon conviction, shall be sentenced to the state prison for a period of not less than one (1) nor more than five (5) years. . . ."

Sub-section 0 of § 5, ch. 3, Acts 1936 (Sp. Sess.), p. 19 provides:

> "Classify the patients and inmates of the respective institutions of the state and transfer patients and inmates from one state institution to another, at will, when, in its discretion, it is deemed advisable for the welfare of the patient or inmate, but no patient or inmate of a benevolent institution shall be transferred to a penal or correctional institution except in carrying out a previous commitment of a court of competent jurisdiction."

The only contention urged by appellant, is that the provisions of the first above statute apply only to the inmates of the Indiana State Farm who were sentenced to serve in said institution by the court who pronounced the original judgment. We are of the opinion appellant cannot successfully maintain this position.

The amount of punishment for the commission of a crime is a function of the Legislature and not a judicial function performed by the court. In the case of *Miller v. State* (1898), 149 Ind. 607, 613, 49 N. E. 894, 40 L. R. A. 109, the defendant made the contention that the punishment prescribed by the Legislature for the crime for which he was convicted, was cruel and unusual punishment. In discussing the constitutional provision with reference to cruel and unusual punishment the court said:

"' . . . If the statute fixing the punishment is not in violation of said section of the constitution, then any punishment assessed by a court or jury within the limits fixed by the statute cannot be adjudged excessive by this court, for the reason that the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but is a legislative power, controlled only by the provisions of the constitution.'"

That the fixing of the amount of punishment for a designated crime is within the power of the Legislature within constitutional limits, has not been seriously challenged in this State. Likewise, the place of punishment is also a legislative or administrative function. The Legislature of Indiana has prescribed in said statute and by general statutes the place of confinement of defendants convicted of crime. The power of the Legislature to designate the place of punishment has not and cannot be seriously questioned. If the Legislature can itself designate

the place of punishment, it likewise has the power to delegate to some administrative board the power to determine the place of punishment. The Legislature, if it saw fit, would have the power to even abolish the state prison and provide that all inmates confined therein should be transferred to the reformatory at Pendleton or to the Indiana State Farm. The place of punishment has nothing to do with the guilt or innocence of the defendant, which is a judicial function to be performed by the courts, and by the courts alone.

In *Colip* v. *State* (1899), 153 Ind. 584, 589, 55 N. E. 739, 74 Am. St. Rep. 322, the question was presented as to whether or not the defendant could be sentenced to the reformatory at Jeffersonville, the jury not having found his age definitely, but did find that his age was more than sixteen and less than thirty years. The court held that the verdict was in full compliance with the law. We quote the following excerpt from that opinion:

> "We do not regard this omission as a sufficient cause for a new trial. The age of the defendant, in a prosecution for larceny, is not one of the facts charged in the indictment or information. It has nothing to do with the question of the guilt or innocence of the defendant. It is important only with reference to the place in which the defendant shall be confined during the term of his imprisonment. On this point, the verdict or finding of the court is advisory only, and any error made by the court or jury may be corrected by the board of managers, with the consent of the Governor, and the prisoner transferred to the proper institution."

In the case of *Uram* v. *Roach, Warden* (1934), 47 Wyo. 335, 344, 345, 37 P. (2d) 793, many decisions touching the question here presented were considered and reviewed. It is stated in that opinion that in many states are found statutes under which an inmate of one

penal institution may be transferred to another on the order of an administrative officer or board named in the statute. The constitutionality of these statutes, the court remarks, has been generally upheld. The court cites many cases in which the question was considered and passed upon. The court said:

"'And the power given to the board is in our opinion, simply disciplinary, and not in the constitutional sense of the word judicial.'"

Again the court says:

"There can be no doubt that the legislature has the right to provide that first offenders only shall be confined in the industrial institute. The sentence of plaintiff to that institution (defendant in the criminal prosecution) was a judicial act, but existing pertinent statutes became a part of the sentence as if extended at length in the record of the court."

Again we quote from the above decision:

"The power exercised in making a transfer is in its essence administrative, though the board may. be required incidentally to consider and determine questions of fact."

In *Woodward* v. *Murdock* (1890), 124 Ind. 439, 444, 24 N. E. 1047, the court was considering the question of whether or not a defendant who had been paroled by the Governor, and who was afterwards recommitted by reason of having violated his parol, was entitled to credit for good time earned during his confinement in prison. The court said:

"The law allowing him credit for good time entered into the judgment as if written therein, . . ."

So likewise the judgment in the present instance shall be considered the same as if the judgment has spe-

cifically stated that the defendant was sentenced to the Indiana State Prison, subject however, to be transferred to another penal institution by the Board of Public Welfare, under the power granted said board by subsection o of § 5,, ch. 3, Acts 1936 (Sp. Sess.), p. 19.

This conclusion is further supported by the following cases: *Commonwealth* v. *LaRochelle* (1928), 264 Mass. 490, 162 N. E. 908; *Sheehan, Petitioner* (1926), 254 Mass. 342, 150 N. E. 231.

Consequently, we conclude that appellant was in effect sentenced to the Indiana State Farm and his confinement therein was legal in all particulars, and that his escape therefrom was a violation of the escape statute above set out, and the court committed no error in overruling his motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 40 N. E. (2d) 655.