PISARSKI ET AL. *v.* GLOWISZYN ET AL.

[No. 27,712.  Filed May 4, 1942.]

*M. William Malczewski,* of Gary, for appellants.

*Henry G. Doherty* and *Willis C. McMahan,* both of Gary, for appellees.

RICHMAN, J.—Appellee Thaddeus Glowiszyn, administrator of the estate of John Glowiszyn (hereinafter referred to as appellee), filed complaint against all the other parties to this appeal except appellant Val's Restaurant, Incorporated, which was permitted to intervene, whereupon amended and supplemental complaint was filed which named as defendants Valentine, Harry, Stella, Francis and Antoinette Pisarski, Helen Jalienecki, John Smolinski and Val's Restaurant, Incorporated.

This complaint alleges that appellee on the 9th day of March, 1938, procured judgment against Valentine Pisarski in the sum of $1,844.75, execution has been issued and returned *nulla bona* and that the judgment is wholly unpaid; that said judgment debtor owns personal property which he refuses to deliver up including the merchandise and equipment of a tavern in Gary, "all together with money in currency of the United States of America in the sum of Three Thousand Dollars"; that he operates the tavern under the name of Val's Restaurant, Incorporated; that the corporation by that name was not authorized to do business at the time the action was filed and has no interest in the property; that all the other defendants are children of Valentine Pisarski and assert title to said property as individuals and stockholders of said corporation; that

the property described is worth $3,000 in excess of the judgment debtor's exemptions; that he has other property unknown to plaintiff subject to execution which he unjustly refuses to apply toward the satisfaction of the judgment. The prayer of the complaint is for an order against Valentine Pisarski "to appear to answer before this court concerning his property in Lake County, State of Indiana, subject to satisfaction of said judgment, and further to answer as to the property above described, and that the defendants above named be ordered to appear to answer as to any interest they may have in and to the above described property, for the costs of this action and all other and proper relief."

Extensive hearings were held at which all the individual defendants and other witnesses were examined under oath. The evidence occupies 1,583 pages of the transcript. At the conclusion of the taking of evidence an order was entered which recites a finding that when the action was filed Stella Pisarski had on deposit in the Gary State Bank money, in excess of legal exemptions, sufficient to pay the judgment, that this money was the property of her father, Valentine, that since the action was filed she withdrew the money from the bank and has it in her possession subject to the direction and control of her father and that it ought to be applied to the payment of the judgment. The order concludes as follows:

"It is ordered, adjudged and decreed that the defendants, Stella Pisarski and Valentine Pisarski, shall within sixty days, pay to the Clerk of this Court, for the use and benefit of the plaintiff, money in the sum sufficient to fully pay the plaintiff's judgment against the defendant Valentine Pisarski, in Cause Number 26488 in the Lake Circuit Court, Lake County, State of Indiana, in the sum of Eighteen Hundred Forty-four and seventy-five one-hundredths ($1,844.75) Dollars, and costs

therein, in the sum of $23.05 with interest thereon at six per cent from the 9th day of March, 1938, until said money is so paid to said Clerk, and together with a further sum of money sufficient to pay all costs in this cause."

No other order or judgment was entered. It is to be noted that appellant Val's Restaurant, Incorporated, is not mentioned in that order. Valentine Pisarski does not appeal, but is named as an appellee in the assignment of errors. A cursory examination of the record discloses that the money which appellant Stella Pisarski is ordered to pay is claimed by appellants to belong to the corporate appellant.

The steps taken below after the entry of the order indicate that appellants and the trial court treated it as a final judgment. Motions for new trial were filed which were not necessary if the order was interlocutory. *Goldsmith* v. *City of Indianapolis* (1935), 208 Ind. 465, 196 N. E. 525. No attempt was made to follow the procedure applicable to appeals from interlocutory orders but instead appellants attempted to comply with the statute governing term time appeals from final judgments. § 2-3204, Burns' 1933 (Supp.), § 480, Baldwin's Supp. 1935.

After the case was filed in the Appellate Court appellee filed two motions, one to dismiss the appeal and the other to transfer to this court. The Appellate Court acted on the latter and sent the case here pursuant to § 4-217, Burns' 1933, § 1362, Baldwin's 1934. If the appeal is from an interlocutory order we have jurisdiction; otherwise not, for the cause is not within any other subdivision of § 4-214, Burns' 1933, § 1356, Baldwin's 1934, conferring jurisdiction on this court. This is true even if the motion to dismiss is well taken (upon which we express no opinion), for

unless the cause is one which the statute permits to be filed in our court we do not have jurisdiction for any purpose, even to dismiss the appeal.

In *Beavans* v. *Groff* (1937), 211 Ind. 85, 91, 5 N. E.. (2d) 514, 517, 108 A. L. R. 694, it was stated:

"Both the statutory proceeding supplemental to execution and equitable proceedings such as are here under consideration operate *in rem*. The judgment creditor may not pursue the same property in repeated proceedings, but he may have different property made subject· to his judgment by successive proceedings."

In other states, judgments in such proceedings are characterized as *quasi in rem*. 31 Am. Jur., Judgments, § 440, p. 97. No matter what the judgment be called, it is clear that it operates with respect to specific property, in this case money derived from a definite source, and that there is finality in the application of such property to the payment of the original judgment to which the proceedings are supplemental. As stated in *Beavans* v. *Groff, supra,* that property may not thereafter be pursued.

Before February 28, 1891, all appeals, whether from interlocutory orders or final judgments, were to this court. Upon the organization of the Appellate Court it was given jurisdiction of appeals in proceedings supplementary to execution except when the appeal is from an interlocutory order in such proceedings. This is recognized by numerous cases cited by appellee including *Harris* v. *Howe* (1891), 2 Ind. App. 419, 28 N. E. 711, originally filed in the Supreme Court but transferred for lack of jurisdiction, 129 Ind. 72, 27 N. E. 561.

The only reason we can conceive for the transfer of this appeal to our Court is that it is an order "for the

payment of money"; but not all orders for the payment of money are interlocutory. They may be interlocutory or they may be final.

*McKnight* v. *Knisely* (1865), 25 Ind. 336, strongly relied upon by appellee, was clearly an appeal from an interlocutory order which required the payment into court there to abide final judgment. But in the case at bar the money was ordered to be applied to the satisfaction of appellee's prior judgment. When so paid it would pass beyond the control of the court. This indicates finality.

Other cases cited by appellee are not in point. We cannot follow his argument that because the trial court retains jurisdiction to enforce the payment by proceedings for contempt the order is *in fieri*, does not become final until it is complied with or enforced and therefore must be interlocutory. The order and its enforcement are two separate things, the former judicial, the latter executive. Whether the latter is by contempt proceedings or by the means ordinarily used for the collection of judgments is immaterial.

Inasmuch as the appeal is not from an interlocutory order jurisdiction is in the Appellate Court to which the cause will be transferred.

It is so ordered.

NOTE.—Reported in 41 N. E. (2d) 358.