STATE EX REL. REED *v.* HOWARD, WARDEN

[No. 28,231.   Filed October 31, 1946.]

Marvin Reed, *pro se,* relator-appellant.

*James A. Emmert,* Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, and *George W. Hadley,* Deputy Attorney General, for the State.

RICHMAN, J.—This appeal is from a judgment denying a writ of *habeas corpus.* The petition therefor shows that July 10, 1937, appellant upon conviction of a felony was sentenced to the custody of the Board of Trustees of the Indiana Reformatory for an indeterminate term of one to ten years, which, we may assume, he served. In the same court in 1942 he was convicted of another felony and, with knowledge of the prior conviction, the judge sentenced him to the Reformatory for an indeterminate term of two to five years, where he was confined until February 17, 1945, when over his protest he was transferred to the State Prison on an order made by the State Department of Public Welfare pursuant to clause (n) of § 52-1104, Burns' 1933 (Supp.), enacted in 1936. This order, he contends, was void as an unconstitutional interference by an administrative board with the sentence of the court, subjecting him, he says, to the greater stigma of confinement in the State Prison.

The place of punishment of convicts is within the control of the legislature, designation of which it may delegate to other agencies. *Mellot* v. *State* (1942), 219 Ind. 646, 40 N. E. (2d) 655. Such designation is an exercise of an administrative function. *Sengstack* v. *Hill, Warden* (1936), D. C. Md. Penn., 16 F. Supp. 61; *Bernstein* v. *U. S.* (1918), C. C. A. 4th, 254 F. 967, 3 A. L. R. 1569. Here the statute gave the judge the choice of sending a twice-convicted felon, more than 21 and less than 30 years of age, either to the State Prison or the Reformatory. § 9-1820, Burns' 1933. In making such a choice the judge exerted no judicial power. Persons convicted in the federal courts are "committed, for such terms of imprisonment as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate places of confinement where the sentences of all such persons shall be served." U. S. C. A. Title 18, § 753 (f). If fixing the place of imprisonment were a judicial act the Attorney General would have no power so to act. This section was held not to violate the Fifth Amendment which contains the due process clause operating in restriction of federal power. *Stewart* v. *Johnston* (1938), C. C. A. Cal., 97 F. (2d) 548, Certiorari denied, 61 Sup. Ct. 447, 312 U. S. 677, 85 L. Ed. 1117.

The sentencing of appellant in 1942 was made with the knowledge that the State Department of Public Welfare had been delegated the authority to transfer the convict from either institution to the other "at will, when, in its discretion, it is deemed advisable for the welfare of the . . . inmate." § 52-1104, *supra.* This statutory authority was inherent in the sentence to the same extent as if it had been expressly stated therein. *Mellot* v. *State,*

*supra; Woodard* v. *Murdock* (1890), 124 Ind. 439, 444, 24 N. E. 1047, 1048. Such statutes do not violate the Fourteenth Amendment. *Uram* v. *Roach, Warden* (1934), 47 Wyo. 335, 37 P. (2d) 793, 95 A. L. R. 1448; 15 Am. Jur., *Criminal Law*, § 555. If there is more stigma to confinement in the State Prison than in the Reformatory, which the cases cited by appellant do not hold, nevertheless the transfer was within the power delegated by the legislature to the Welfare Board. We are unable to see that Article 1, § 12 of the Constitution of Indiana, cited by appellant, has any bearing on the issue. It will be presumed, in the absence of showing to the contrary, and there is none, that the Welfare Board exercised a reasonable discretion in making the order of which appellant complains.

The case of *People ex rel. Saia* v. *Martin, Warden* (1943), 289 N. Y. 471, 46 N. E. (2d) 890, cited by appellant, is not in point. In New York a statute permits transfer from a reformatory to a state prison upon an order of the Commissioner of Correction after a hearing in which he was required to find certain facts. There was no such hearing and accordingly it was held that the order of transfer was void. If a statute prescribes a particular procedure in the discharge of administrative duty the officer is held within the confines of the statute. There is no such provision in the Indiana statute but, as above stated, the Welfare Board acts at its discretion.

Judgment Affirmed.

NOTE.—Reported in 69 N. E. (2d) 172.