LOBAUGH *v.* STATE OF INDIANA.

[No. 28,452. Filed November 16, 1948.]

*Robert A. Buhler, James Nicholas* and *Peter Nicholas*, all of Fort Wayne, attorneys for appellant.

*Cleon H. Foust*, Attorney General, *Frank E. Coughlin*, First Deputy Attorney General and *Merl M. Wall*, Deputy Attorney General, attorneys for appellee.

STARR, J.—On October 27, 1947, the appellant stood charged, by indictment, in three separate cases in the Allen Circuit Court, with murder in the first degree. These causes were Nos. 6368, 6369 and 6370 respectively in said court. The indictment in said cause No. 6368 charged the appellant with the murder of one Wilhelma Haaga; the indictment in cause No. 6369 charged the appellant with the murder of Dorothea Howard; and the indictment in said cause No. 6370 charged the appellant with the murder of one Anna Kuzeff. On said last mentioned date the appellant appeared in each of said cases and entered a plea of guilty, whereupon, the court pronounced judgment and assessed and imposed the death penalty in each case. Thereafter, on the 15th day of January, 1948, the ap-

pellant filed his verified petition in each of these cases for a writ of error coram nobis, wherein he asked leave to withdraw his plea of guilty, that the court vacate the finding of guilty and sentence, and that he be allowed to appear and enter a plea of not guilty, and upon such plea that a trial be had. Each of these petitions contained all the necessary formal allegations. The material parts of each of said petitions are identical and are to the effect that the appellant is not guilty of the crime charged; that at the time that he entered his plea of guilty, he was under the influence and effect of benzedrine, a hypnotic drug, self-administered, making him not responsible for what he said or did in court when he entered his plea of guilty, and at said time he did not in fact comprehend the full import and consequence of his acts. Each of these petitions contains a great amount of evidentiary matter in pleading the necessary allegation that he was not guilty of the crime charged. Each of them also contains an allegation that at the time he entered his plea he was confined in the Allen County Jail and was then being subjected to severe pressure by fellow prisoners, making his further confinement there "unendurable and unbearable." There is nothing pleaded, however, which would remotely indicate that at the time he made his plea he was under duress.

Appellant has also included in the record, a great number of affidavits and a bill of exceptions—no one of these has a place in these appeals as in each appeal the only question raised is the ruling on the demurrer to the petition.

In due course, the appellee in each case, filed a demurrer to the petition on the ground that the same did not state facts sufficient to constitute a cause of action, or to entitle the defendant to a writ of error

coram nobis. This demurrer was sustained by the trial court in each cause, and, upon the refusal of the appellant to plead further, and upon his election to stand upon said ruling, the trial court entered judgment in each case that the appellant take nothing by his petition. It is from these rulings and judgments that these appeals are taken.

Due to the fact that the records are identical in each of these appeals, we have determined to decide all of them in this opinion.

There are many procedural imperfections in the taking of these appeals, several of which would, in an ordinary case, warrant the dismissal of one or more of them. The appellee, however, has raised no objections to any of these defects. Furthermore, the questions presented in each appeal involve constitutional rights and are clearly and adequately presented in appellant's brief. Under these circumstances in a case such as this involving the appellant's life, "procedural rules that would prevent their consideration must give way to the fundamental principles of due process." *Wilson* v. *State* (1943), 222 Ind. 63, 78, 51 N. E. 2d 848.

By demurring to each of appellant's petitions, appellee, for the purpose of demurrer, admits the truth of all the allegations therein which are well or sufficiently pleaded. *State ex rel. Scher* v. *Ayres* (1940), 217 Ind. 179, 26 N. E. 2d 1002. It follows, therefore, for the purpose of this appeal, we must consider as true that allegation in each petition which reads as follows:

"That the defendant was, on October 27th, 1947, under the influence and effects of benzedrine, a hypnotic drug, self-administered, making him not responsible for what he said or did in Court when he entered his plea of guilty to the three (3)

crimes and did not in fact, comprehend the full import and consequences of his acts on said day."

A plea of guilty under these circumstances would amount to a denial of due process of law. Each of these petitions stated sufficient facts, if proved, to entitle the appellant to the relief sought. *Vonderschmidt* v. *State*, ante, p. 439; *Sanders* v. *State* (1882), 85 Ind. 318.

It was error to sustain these demurrers. The judgment in each of these cases is reversed with instructions to the trial court to overrule the demurrer addressed to each of these petitions and to investigate the truth or falsity of the matters alleged in each petition and for further proceeding therein not inconsistent with this opinion.

NOTE.—Reported in 82 N. E. 2d 247.