RALPH McQUEEN, APPELLANT, V. JAMES M. JONES,
WARDEN, NEBRASKA STATE PENITENTIARY, ·APPELLEE.
36 N. W. 2d 271

Filed March 3, 1949. No. 32584.

*Ralph McQueen*, pro se, for appellant.

*James H. Anderson*, Attorney General and *Walter E. Nolte*, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

The petitioner appeals from the judgment of the district court for Lancaster County denying his release from the Nebraska State Penitentiary on a writ of habeas corpus. James M. Jones, warden of the penitentiary, is the respondent and appellee.

For convenience the appellant will be referred to as the petitioner and the appellee as the respondent.

The petitioner alleged in his application, in substance, that he had been confined in the Nebraska State Penitentiary since March 1947; that on March 10, 1947, he appeared before the district court for Keith County, Nebraska, to answer to an information containing six counts of unlawfully making, issuing, uttering, and delivering no-fund checks with the intent to defraud. Count No. 6 carried the additional charge that the petitioner was an habitual criminal. He was represented by counsel appointed by the trial court.

It appears from the journal entry in the case, which is a part of the record, that upon motion of the county

attorney the first five counts were dismissed; that the court informed the petitioner of his right to counsel and appointed counsel for him; that the petitioner expressed a willingness to plead guilty to count No. 6 of the information; and that the court made inquiry of the petitioner as to his previous convictions of felonies as charged in such count and upon the petitioner's entrance of a plea of guilty to count No. 6 of the information, sentenced him to ten years in the state penitentiary at Lincoln, Nebraska.

The petitioner alleges that the proceedings had in the district court for Keith County denied him his rights and privileges guaranteed to him under the federal Constitution for the reason that he was denied and deprived of the fundamental right to the assistance of counsel for his defense, and did not knowingly and intelligently understand the nature of the accusation of which he was charged and to which he was to answer; and that the trial court was without jurisdiction to impose sentence on the petitioner.

The return to the writ discloses the petitioner was charged as heretofore mentioned, and in count No. 6 was charged with having been previously convicted of felonies on three separate occasions and confined in penal institutions wherein, in each instance, the sentence was not less than one year; further, that the petitioner was charged under the statute pertinent to the Habitual Criminal Act and entered his plea of guilty to such count, and on March 11, 1947, was sentenced to ten years imprisonment in the Nebraska State Penitentiary, is there now confined, and has not been paroled or discharged by the Board of Pardons.

A trial was had to the district court for Lancaster County upon the application of the petitioner for a writ of habeas corpus and the return made thereof. Evidence was taken, whereupon a judgment was rendered denying the release of the applicant from the peniten-

tiary. No motion for new trial was filed. An appeal was taken from the judgment, but the evidence was not preserved and presented to this court with the appeal. Therefore, there is no question of fact which was determined by the district court before this court for review.

The law is well established in this state: "In the absence of a bill of exceptions and a motion for a new trial a judgment will be affirmed where the pleadings state a cause of action or defense and support the judgment rendered." Mantell v. Jones, No. 32507, *ante* p. 785, 36 N. W. 2d 115.

In the case of In re Application of Rozgall, 147 Neb. 260, 23 N. W. 2d 85, it was said: "When it is sought to review the judgment of a district court, no motion for a new trial having been filed, this court will examine the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree, but it will not go back of the verdict rendered by the jury or findings of fact made by the trial court to review anything done or any proceeding had." See, also, Tait v. Reid, 91 Neb. 235, 136 N. W. 39.

Under the rule as announced in the above-cited cases, the judgment of the district court in the instant case must be affirmed if the return to the writ filed by the respondent supports the judgment of the district court for Lancaster County, Nebraska, which it does. Therefore, judgment of the trial court is affirmed.

AFFIRMED.