ELDER *v.* DOWD, WARDEN, ETC.

[No. 29,055. Filed April 20, 1954.]

*James C. Cooper,* Public Defender and *Richard M. Givan,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Franceschini,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment for the appellee who was defendant to a complaint for writ of habeas corpus. We overruled appellee's motion here to dismiss the appeal, and the cause has been briefed upon the merits.

Appellee contended in the motion to dismiss that appellant had nothing to present, since he had not filed any motion for a new trial in the trial court. In habeas corpus proceedings it has been the practice in this state to file motions for new trial when a party suffers an adverse decision. See *Scott* v. *Scott* (1949), 227 Ind. 396, 86 N. E. 2d 533; *Gluff* v. *Rouls* (1950), 228 Ind. 186, 91 N. E. 2d 176. In the latter case we held that alleged errors in the trial court on refusal to hear evidence must first be presented in the trial court in a motion for a new trial. If the appeal is to be prosecuted from a final

judgment, errors which could be presented by a motion for a new trial in other actions must be presented by a motion for a new trial in a habeas corpus action before they will be considered on appeal. See *In re Van Sciever* (1894), 42 Neb. 772, 60 N. W. 1037, 47 Am. St. Rep. 730; *McQueen* v. *Jones* (1949), 150 Neb. 853, 36 N. W. 2d 271; *Johnson* v. *Best* (1943), 156 Kan. 668, 135 P. 2d 896; 39 C. J. S. 715, 716, §113; 29 C. J. 188, 189, §216. However, this court did acquire jurisdiction of the appeal when the transcript and assignment of errors was filed with the clerk of this court. Rule 2-2. Appellant asserts he was denied rights under the Indiana Constitution, and for this reason we will consider his appeal on the merits. *Lobaugh* v. *State* (1948), 226 Ind. 548, 82 N. E. 2d 247; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848.

Appellant contends that §9-2250, Burns' 1942 Replacement (Supp.), vests judicial functions in an administrative board in violation of Article 3, and §1 of Article 7 of the Indiana Constitution. This statute provides:

> "Any prisoner who has been sentenced and committed to the Indiana State Prison, Indiana Women's Prison or the Indiana Reformatory, and has been released upon parole therefrom and while at large upon such parole said prisoner shall commit another crime and upon conviction thereof shall be sentenced anew to one of the institutions named herein, said prisoner shall be subject to serve the second sentence after the first sentence is served or annulled and the second sentence is to commence from the termination of his or her liability upon the the first or former sentence." Section 9-2550, Burns' 1942 Replacement (Supp.), [Acts 1947, ch. 61, §1, p. 205].

The record here discloses that on July 30, 1945, appellant was convicted of burglary in the second

degree and sentenced to imprisonment in the ■ Indiana State Prison for a term of from two to five years, and thereafter, and during the maximum term of five years, appellant was paroled. While on said parole, on July 10, 1947, he was convicted of second degree burglary by the Vanderburgh Circuit Court, and sentenced to the Indiana State Prison for a term not less than two nor more than five years. On August 22, 1947, appellant was ordered by the Board of Trustees of the Indiana State Prison to serve the remainder of his first sentence before commencement of the second sentence.

We cannot agree that appellant began serving the second sentence on the day it was pronounced and entered by the Vanderburgh Circuit Court. In *Dowd* v. *Basham* (1954), 233 Ind. 207, 116 N. E. 2nd 632, 635, we construed §9-2250, Burns' 1942 Replacement (Supp.), and in an opinion by Chief Justice Draper, said:

"The terms of a sentence must be read, construed, and executed in the light of applicable statutory provisions. In the situation presented here the law fixed the time when appellee's service of the sentence pronounced on October 10, 1947, should begin to run. It fixed that time as the date upon which the appellee's liability upon the former sentences terminated. The punishment adjudged by the court under the earlier sentences was for the maximum term prescribed by the statute. The earlier termination of it was a matter within the discretion of the board of trustees, and the discretion of the board in that respect is not subject to the control or supervision of the courts. The power to shorten a prisoner's period of service under an indeterminate sentence is not judicial. It is a ministerial or administrative power with which the court has no concern. *Miller* v. *The State* (1898), 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109; *Terry* v. *Byers* (1903), 161 Ind. 360, 68 N. E. 596; *State* v. *Page* (1899), 60 Kan. 664, 57 P. 514."

By operation of law §9-2250, Burns' *supra,* became a part of the second judgment.[1] *Woodward* v. *Murdock* (1890), 124 Ind. 439, 444, 24 N. E. 1047; *Miller* v. *State* (1898), 149 Ind. 607, 617, 49 N. E. 894, 40 L. R. A. 109; *Mellot* v. *State* (1942), 219 Ind. 646, 40 N. E. 2d 655; *State* v. *Rardon* (1943), 221 Ind. 154, 46 N. E. 2d 605; *State ex rel. Reed* v. *Howard* (1946), 224 Ind. 515, 517, 69 N. E. 2d 172; *Canfield* v. *Commissioners* (1937), 280 Mich. 305, 309, 273 N. W. 578; *People ex rel. Newton* v. *Twombly* (1920), 228 N. Y. 33, 35, 126 N. E. 255.

The action by the Board of Trustees of the prison added nothing to the effect of the statute, since the statute was self-executing. *Dowd* v. *Basham* (1954), 233 Ind. 207, 116 N. E. 2d 632, *supra; Canfield* v. *Commissioners* (1937), 280 Mich. 305, 273 N. W. 578, *supra.* The Act is constitutional, and the trial court correctly found for the appellee warden.

Judgment affirmed.

Flanagan, J., concurs.

Draper, C. J., concurs in result with separate opinion.

Gilkison, J., concurs in part with separate opinion.

Bobbitt, J., concurs with opinion.

GILKISON, J.—Concurring. I concur with the statement in the opinion as follows:

---

1. "The law allowing him credit for good time entered into the judgment as if written therein, and, therefore, by the very language of the judgment the appellant's time expired on the 13th of December, 1889." *Woodward* v. *Murdock* (1890), 124 Ind. 439, 444, 24 N. E. 1047.

"And so here the reformatory act may be read into the judgment whenever necessary to make the meaning of the judgment clear or to make it effectual." *Miller* v. *State* (1898), 149 Ind. 607, 617, 49 N. E. 894.

"So likewise the judgment in the present instance shall be considered the same as if the judgment has specifically stated that the defendant was sentenced to the Indiana State Prison, subject, however, to be transferred to another penal institution by the Board of Public Welfare." *Mellot* v. *State* (1942), 219 Ind. 646, 652, 653, 40 N. E. 655.

"Appellant asserts that he was denied rights under the Indiana Constitution, and for this reason we will consider his appeal on the merits."

This has been the law in Indiana for many years. It was well expressed by Richman J., in *Wilson* v. *State* (1943), 222 Ind. 63, at page 78, 51 N. E. 2d 848, at page 854, thus:

". . . But in a case involving an appellant's life or liberty we may not ignore prejudicial errors affecting his constitutional rights when, as here, they are clearly and adequately presented in appellant's brief with supporting bill of exceptions. The procedural rules that would prevent their consideration must give way to the fundamental principles of due process." See also, *Sweet* v. *State* (1954) 233 Ind. 160, 117 N. E. 2nd 745 747. *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 443, 81 N. E. 2d 782, and cases there cited.

However, I cannot agree with some other parts of the opinion for the following reasons, to-wit:

This is a habeas corpus proceeding. When such a proceeding is ready for trial the statute provides as follows:

"The court or judge shall thereupon proceed, *in a summary way,* to hear and determine the cause; and if no legal cause be shown for the restraint or for the continuation thereof shall discharge the party." (Our italics). Sec. 3-1917, Burns' 1946 Repl.

The evident purpose of this statute is to have the cause disposed of expeditiously—"speedily, and without delay." Art. 1, Sec. 12, Indiana Constitution.

After trial, habeas corpus proceedings may be appealed to this court by virtue of the statute providing for appeals from interlocutory orders. Clause Fourth, Sec. 2-3218, Burns' 1946 Replacement. Appeals in

habeas corpus proceedings in this State have been taken under this statute for more than 100 years last past. See Vol. 2, Revised Statutes, 1852, section 576, page 142. There are cases in Indiana that suggest an appeal may be taken from a judgment in a habeas corpus proceeding under the final judgment statute — 2-3201, Burns' 1946 Repl. — notably *Baird, Sheriff* v. *Nagel* (1924), 194 Ind. 87, 91, 142 N. E. 9, in which, among other things, this court said: "The right of the state to appeal from a final order discharging a prisoner in habeas corpus proceedings has been held to exist in many other states, but it has not been directly passed on in this state . . . ." But the opinion then notes that the state was not made a party in the case, and therefore it had no right to appeal the case.

Since all habeas corpus cases must be tried summarily (Sec. 3-1917, Burns' 1946 Repl., *supra*) by the circuit or superior courts, or by the judges of said courts, whether in term or vacation, and the writ shall be granted *"without delay,"* (Sec. 3-1905, Burns' 1946 Repl.), it would be interesting to know what, if any, appealable interlocutory order any court or judge thereof could possibly make in any habeas corpus proceeding that might be brought.

So far as I can find, it has always been the law that,

"The procedure under which interlocutory orders are made does not contemplate motions for a new trial, and the statute providing for appeals from such orders contemplates only an exception to the order." *Goldsmith et al.* v. *City of Indianapolis et al.* (1935), 208 Ind. 465, 466, 196 N. E. 525; *Pisarski* v. *Glowiszyn* (1941), 220 Ind. 128, 131, 41 N. E. 2d 358. *Indianapolis Water Company* v. *Lux* (1945), 224 Ind. 125, 129, 64 N. E. 2d 790.

"In an appeal of a habeas corpus proceeding the Supreme Court will weigh the evidence, whether conflicting or not, and pass upon it as a trial court." *Brown et al.* v. *The State* (1897), 147 Ind. 28, 29,

46 N. E. 34. *Roney* v. *Rodgers, Sheriff* (1920), 190 Ind. 368, 371, 130 N. E. 403. *Luellen* v. *Younger* (1923), 194 Ind. 411, 416, 133 N. E. 495. *Ex parte Heffren,* 27 Ind. 87, 89. *Ex parte Moore,* 30 Ind. 197, 200. *Ex parte Sutherlin* (1877), 56 Ind. 595, 596. *Ex parte Walton* (1881), 79 Ind. 600. *Ex parte Kendall* (1885), 100 Ind. 599, 600. *Ex parte Richards* (1885), 102 Ind. 260, 261, 1 N. E. 639. *Jones et ux.* v. *Darnall* (1885), 103 Ind. 569, 574, 2 N. E. 229. *State ex rel. Smith, Sheriff* v. *Marion Circuit Court* (1951), 230 Ind. 21, 24, 101 N. E. 2d 272.

In the case last cited above, Draper, J., speaking for the court, correctly stated thus:

". . . If the defendant was aggrieved by the decision of the Criminal Court, he should have appealed to this court, where the evidence, if brought here, would be weighed and passed upon in the manner that a trial court weighs and passes upon evidence, and this court would decide the issue accordingly." (Authorities.)

I do not think it is material to the decision of this case whether the appeal is taken under clause four of Sec. 2-3218, Burns' 1946 Repl., or under the appeals from final judgments statute, Sec. 2-3201. No motion for new trial is required under either statute, in order to have the evidence considered by this court in the appeal of habeas corpus cases.

It is not possible to correctly determine such an appeal without a careful consideration of the evidence by this court.

## CONCURRING OPINION

BOBBITT, J.—I concur in the affirmance of the judgment of the trial court.

I do not, however, want to be understood as concurring in the following statement in the majority opinion:

"Appellant asserts that he was denied rights under the Indiana Constitution, and for this reason we will consider his appeal on the merits."

*Lobaugh* v. *State* (1948), 226 Ind. 548, 82 N. E. 2d 247, and *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848, cited by the majority in support of the above statement, are exceptions to the general rules and law of procedure. Are we to make them the rule, instead of the exception? If so, then the only requirement necessary to suspend any or all rules of orderly appellate procedure is for an appellant to assert, by letter or petition to this court, that he has been denied his rights under the Indiana Constitution.

In this case appellant is questioning the constitutionality of a statute. He is not charging the violation of a fundamental right guaranteed by the Constitution. If, merely because a constitutional question is raised, we are to set aside and abandon all rules of procedure, then no litigant who raises a constitutional question will, in any way, be bound by any of the legal and orderly rules of procedure which have so long been the guide posts in the orderly practice of law.

### CONCURRING OPINION

DRAPER, C. J.—I concur in the result reached.

"Cases of habeas corpus" are by statute made appealable to this court under the provisions of Burns' 1946 Repl., §4-214, subdiv. 5. The same section provides in subdivision 14 thereof that *interlocutory* orders upon writs of habeas corpus are appealable to this court. Interlocutory orders and judgments upon writs of habeas corpus are also made appealable to this court under provisions of Burns' 1946 Repl., §2-3218.

I can see nothing of an interlocutory nature about the judgment here appealed from. It completely ad-

judicates and puts an end to the case presented below. It disposes of the subject-matter of the litigation so far as the court had power to dispose of it. It was not "an order of the court made in the progress of the cause requiring something to be done or observed, but not determining the controversy." Burns' 1946 Repl., §2-3201 provides that appeals may be taken from *all* final judgments. I think this was a final judgment, appealable as such. *The State, on the relation of Sharpe* v. *Banks* (1865), 25 Ind. 495; *Henson* v. *Walts et ux.* (1872), 40 Ind. 170.

In cases involving the life or liberty of an appellant it has long been the established policy of this court to overlook procedural failures in order to determine whether the constitutional rights of the appellant have been infringed upon. Particularly and specifically has this been so where, as here, such questions are clearly and adequately shown by the bill of exceptions and presented by the briefs of the appellant.

But I am doubtful whether we should do so where the question involves the constitutionality of a statute rather than the asserted deprivation of fundamental rights as guaranteed to the accused by constitutional provision such as the right to counsel as in *Wilson* v. *State,* the acceptance of a plea of guilty under circumstances where the accused did not comprehend the import and consequences thereof as in *Lobaugh* v. *State,* and the like.

NOTE.—Reported in 118 N. E. 2d 805.