Ex parte LECK ALLEN.

Division Two, May 22, 1906.

1. **JURISDICTION: Trial for Crime Committed After Sentence.** The petitioner was convicted and sentenced to five years' imprisonment in the penitentiary for robbery, and remanded to the county jail to be removed to the penitentiary at the end of the term, and while so confined and before the adjournment of the court, he attempted by force to release the prisoners confined in the jail. Thereupon and during said term the prosecuting attorney filed an information charging him with the last offense, to which he pleaded guilty and was sentenced to a further imprisonment of five years to begin "when his former sentence ends." *Held*, that the petitioner was a convict and the court had jurisdiction to try him for the second offense, under section 2383, Revised Statutes 1899, providing that "if any convict shall commit any crime in the penitentiary, or in any county in this State while under sentence, the court having jurisdiction of criminal offenses in such county shall have jurisdiction of such offense, and such convict may be charged, tried, and convicted in like manner as other persons; and in case of conviction, the sentence of such convict shall not commence to run until the expiration of the sentence under which he may be held."

2. **CONCURRENT SENTENCES: Three-fourths Rule.** Where petitioner was convicted of robbery and sentenced for a period of five years to the penitentiary, and while confined in jail awaiting the adjournment of the term and transmission to the penitentiary, committed another offense and at the same term was sentenced for another period of five years to commence "when his former sentence ends," the two sentences do not run concurrently, but the second begins to run at the expiration of the first, whether or not he is entitled to the benefit of the three-fourths rule under that sentence.

Habeas Corpus.

WRIT DENIED.

*Lewis C. Gabbert* for petitioner.

The second sentence was void. The criminal court had no jurisdiction of the person of petitioner at a suc-

ceeding term from that when sentence passed, as petitioner was in contemplation of law in a custody different from that of the criminal court. There is no authority in law for the trial of a prisoner under sentence, until after such sentence has expired. It is against the law and prohibited by the law. State v. Buck, 120 Mo. 479. Ex parte Meyers, 44 Mo. 282, has been upheld by this court in numerous decisions (96 Mo. 436; 120 Mo. 479). Conceding, for the purpose of argument, that the second sentence of petitioner became and was in full force and effect, yet, this second sentence began to run on the 11th day of July, 1902, and it is conceded by respondent that defendant is entitled to the three-fourths rule, which equals one year and three months reduction of time; then this second sentence expired April 11, 1906. Under our law there is no authority for making this second sentence commence at the expiration of the first sentence. Ex parte Meyers, 44 Mo. 282. Section 2374, Revised Statutes 1899, provides for cumulative sentences only where convictions are obtained in both cases prior to the formal passing of sentence in either. As the facts in this case, as shown by the certified transcript of the record, show no such state of facts as to bring this case within that section, the court derives no power from that section to make a second sentence commence at the expiration of the first sentence. Sections 2067, 2068, 2069, 2072, R. S. 1899, provide certain punishment in each of said sections, and expressly provide that such punishment is to commence at the expiration of the original term of imprisonment. Section 2063 states that upon conviction the prisoner shall be punished by imprisonment in the penitentiary for a term not exceeding five years, but does not state that such sentence shall commence at the expiration of former sentence. The information upon which the second conviction of petitioner was imposed was drawn under said section 2063. The court, therefore, obtained no power from section 2063, under which petitioner was

convicted of the second offense, to make the second sentence commence to run at the expiration of the first. It was the evident intention of the Legislature that punishment for this crime should not commence at the expiration of a former sentence, else it would not have thus provided in express terms in five other sections of the same article and remained silent as to such provision in this section.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for respondent.

(1) Counsel for petitioner is in error when he insists that the second judgment and sentence are void. The criminal court of Buchanan county had jurisdiction over the person of the defendant, and also over the crime which he committed in the jail of that county. If any criticism could be made upon the action of the court, it would be that its action was erroneous, and for an erroneous judgment the proper remedy was by an appeal or writ of error. In one case, it was held that it was error for the trial court to proceed with the trial when the defendant was under conviction and sentence for another felony, but that case was entirely different from the case at bar.  State v. Buck, 120 Mo. 479.  In another case it was held that the court could not try and convict the defendant at a subsequent term for an offense which had been committed prior to the time of the first conviction of the defendant.  Ex parte Meyers, 44 Mo. 282.  (2) To settle this question and establish the fact that the court did have jurisdiction in a case like this, the General Assembly passed a statute which specially authorized the trial and conviction of one who has been previously convicted of a felony.  He may be tried while he is a prisoner in the penitentiary, or before he has been conveyed to the penitentiary. R. S. 1899, sec. 2383.  This section of the statute has been cited and construed by this court, and the ruling was that one

under conviction could be prosecuted and tried for an offense committed after said first conviction. State v. Brown, 119 Mo. 534; Ex parte Brunding, 47 Mo. 255; Ex parte Jackson, 96 Mo. 116. (3) The three-fourths rule, referred to by petitioner in his brief, is a matter which this court cannot pass upon in a proceeding like this. Said statute gives the state officers the power to release and discharge the prisoner when his conduct has been good, at the expiration of three-fourths of the time for which he was sentenced. But the discretion in such a case is to be used by said officers, not by this court. R. S. 1899, sec. 8919. (4) If any error was committed by the trial court in sentencing the defendant, said sentence to begin on the 12th day of June, 1907, that error may be corrected by this court in this proceeding. It is, therefore, asked that this court, if it finds such error was committed by the circuit court, correct said error by directing that the petitioner's second sentence shall begin at the expiration of his first sentence. Ex parte Kenney, 105 Mo. 535; Ex parte Jackson, 96 Mo. 116. Our statute specially provides that when a defendant is convicted and sentenced to the penitentiary for two offenses, the second sentence shall begin at the expiration of the first sentence. R. S. 1899, sec. 2374.

GANTT, J.—The petitioner made his application at this term for a writ of Habeas Corpus, directed to the warden of the state penitentiary and prayed for an order releasing him from further confinement in said institution.

On the 14th day of June, 1902, the petitioner was lawfully sentenced by the criminal court of Buchanan county to the state penitentiary for a term of five years, from the 12th day of June, 1902, and was then remanded to the custody of the sheriff of Buchanan county to be by him conveyed to the penitentiary at the end of the said term of said court. While awaiting

the adjournment of said court, the petitioner was confined in the common jail of said county, and on the 9th of July, 1902, by force, and by means of dynamite and powder, attempted to release and set at liberty the prisoners then in custody in said jail.

Thereupon on the 11th day of July, 1902, the prosecuting attorney of said county filed an information in said criminal court charging petitioner with the crime of attempting to release said prisoners, and petitioner was duly arraigned on said charge and pleaded guilty thereto and was sentenced to a "term of five years in the penitentiary from the 12th day of June, 1907, when his former sentence ends."

Thereupon prisoner was committed to the penitentiary by virtue of the two sentences, and having served three-fourths of the said first sentence for robbery and having been an exemplary prisoner is entitled to a discharge from the unexpired portion of said first term, and this being conceded he asserts he is entitled also to be discharged from his imprisonment altogether, because, he insists, his second conviction for attempting to break jail and release the prisoners therein was illegal and void because the criminal court had no jurisdiction to try him for said offense at that term, and, secondly, because if the judgment and sentence was not void for want of jurisdiction, still he is entitled to his discharge because in law the said second sentence commenced to run on the day it was imposed and has been concurrent all the time with the first sentence and he is entitled to the benefits of the three-fourths rule as to this second sentence also and both sentences expired April 11, 1906.

In his return, the warden concedes that petitioner has been a well-behaved prisoner and he is willing to give him the benefit of the three-fourths rule as to the first sentence, but is holding him under the second sentence.

I.  Was the court without jurisdiction to try defendant for the second offense, committed after he had been tried and convicted of robbery and while he was awaiting the adjournment of the court at that term to be conveyed to the penitentiary?  We have no hesitancy in holding it was not.  It was a court of criminal jurisdiction and had jurisdiction to hear and determine the offense of which petitioner was convicted and over the person of petitioner.  The contention of petitioner is based upon certain statutory provisions of our laws and decisions of this court, and the question is, has he properly construed the statutes and decisions of this court?  We are cited by counsel for petitioner to the decision in State v. Buck, 120 Mo. 479, in support of his contention, but the facts of that case were these:  The defendant had been indicted for two offenses, both of which occurred before he was tried on either.  He had been convicted on one and sentenced to the penitentiary, and had appealed from said judgment and obtained a supersedeas.  Pending his appeal and at a subsequent term, the court proceeded to put him on his trial for the other offense and thereupon he filed his motion to forego said trial until his sentence on the first trial had either expired or been set aside.  The circuit court overruled this motion and he excepted and this court held that it was error to try him on the second indictment pending the former sentence then unexpired.  That decision was based upon our statute and the decisions of this court in Ex parte Meyers, 44 Mo. 282, and State v. Connell, 49 Mo. 282.  In Ex parte Meyers, 44 Mo. 281, this court said:  "The prisoner was twice found guilty and sentenced on each finding at different terms.  This case does not come within the provisions of chapter 207, section 9, General Statutes 1865, which declares that when any person shall be convicted of two or more offenses, before sentence shall have been  pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subse-

quent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction. . . . The law certainly contemplates that after a prisoner is sentenced he will be immediately transferred to the custody 'of the penitentiary, and not be detained for future arraignment at subsequent terms. . . . Separate sentences can only be passed upon the prisoner in the cases and in the manner pointed out by the statute.'' It will be observed that in State v. Buck, 120 Mo. 479, the second trial pending the conviction and unexpired sentence on the first was held to be error, but it was not ruled that the circuit court had no jurisdiction. There is a marked distinction between error and an absolute want of jurisdiction. But aside from this it is clear that case is wholly dissimilar to this as to the facts. There the two indictments were both pending at one time and for crimes committed before trial on either indictment. Here the defendant was tried on the only indictment pending against him and was convicted and sentenced and he then committed the second offense for which he was tried and convicted. Section 2383, Revised Statutes 1899, provides, among other things, that ''if any convict shall commit any crime in the penitentiary, or in any county of this State while under sentence, the court having jurisdiction of criminal offenses in such county shall have jurisdiction of such offense, and such convict may be charged, tried and convicted in like manner as other persons; and in case of conviction, the sentence of such convict shall not commence to run until the expiration of the sentence under which he may be held: *Provided,* that if such convict shall be sentenced to death, such sentence shall be executed without regard to the sentence under which said convict may be held in the penitentiary.'' The facts of this case bring it within the spirit and letter of this section. Here the defendant was a convict. He had been duly sentenced. Subsequently he had committed a crime in Buchanan

county, a county of this State, while under such sentence, and thereupon the jurisdiction of the criminal court of Buchanan county attached to try him therefor and he was tried and convicted. A more explicit and full grant of jurisdiction applicable directly to the offense of the petitioner, can not be well conceived, and there can exist no doubt of the court's jurisdiction, and hence the first ground upon which petitioner seeks a discharge is without foundation.

II. The second proposition is that, conceding the court had jurisdiction, still the sentence for the second offense must be held to have commenced on the day it was pronounced and both terms of imprisonment commenced and lapsed concurrently. This contention is in the face of the statute, section 2383, supra, which expressly provides that "the sentence of such convict shall not commence to run until the expiration of the sentence under which he may be held." When the criminal court of Buchanan county came to sentence petitioner for this second offense committed while he was under sentence, it took notice of its own records of that term, that it had sentenced petitioner for five years from June 12, 1902, which sentence would expire June 12, 1907, and in obedience to the statute it conformed its second sentence to the expiration of that first sentence, but it added "when the former sentence ends." If therefore the Governor or the prison authorities see fit to shorten the first sentence to three-fourths of the time, the second sentence by operation of the law and the sentence itself will commence when the first expires and the warden is properly holding petitioner by virtue of said second sentence.

The petition for discharge is denied and the petitioner is remanded to the custody of the warden to undergo his said second sentence or until he is otherwise discharged according to law.

Writ denied.

*Burgess, P. J.,* and *Fox. J.,* concur.