## Ex Parte WALTER LEE.

### Division Two, April 7, 1921.

1. **IMPRISONMENT: Parole: Subsequent Conviction: Penalties Cumulative.** The terms of imprisonment of a person who has been convicted of a felony, has been paroled and again convicted of another felony and whose parole, after he has been again committed to the Penitentiary under the second conviction, has been revoked by the Governor, are cumulative and not concurrent; and under the statutes, his term of imprisonment under the second conviction does not begin until he has served out his sentence under the first.

2. ——: ——: ——: **Error in Bookkeeping.** And the fact that Prison Control show that, upon the reseption of the convict under Prison Control show that, upon the reception of the convict under his second conviction, he was held and continued to serve under said second commitment and that he was discharged therefrom under the three-fourths rule for good behavior, does not affect the legality of his imprisonment under the first commitment for the balance of the term remaining after his parole was revoked. That was a mere error of bookkeeping, although the second commitment began before the parole under the first was revoked.

## Habeas Corpus.

Writ Denied.

*Fenton Luckett* for petitioner.

*Jesse W. Barrett,* Attorney General, for respondent.

HIGBEE, P. J.—Petition for writ of *habeas corpus.* The petitioner states that he is unlawfully detained in the Penitentiary; that he was convicted of a felony in the Circuit Court of Jackson County, August 2, 1915, and sentenced to a term of five years in the Penitentiary; that on April 24, 1917, he was paroled by the Governor; that on October 8, 1917, he was convicted of a felony in the Circuit Court of Jasper County and sentenced to a term of five years in the Penitentiary and was received there on November 13, 1917; that on November 20, 1917, the Governor revoked his parole; that on December 28, 1920, the prison authorities discharged him under the merit system from the Jasper County sentence, but are now illegally restraining him under the Jackson County sentence, aforesaid; that upon the revocation of his parole said sentences became concurrent and he is now entitled to his discharge.

The issuance of the writ and production of the body of the prisoner have been waived.

The return, made by the Warden of the Penitentiary and the Board of Prison Control, recites the facts sub-

stantially as set forth in the petition: that the sentences were not such as to cause them to be concurrent, but that they were cumulative and will not expire under the laws of this State prior to January 5, 1923, and for that reason the petitioner is not unlawfully detained.

It appears from suggestions accompanying the return that, on the receipt of the prisoner under the Jasper County commitment on November 13, 1917, the prison board made its record show that the petitioner was held and continued to serve under that commitment until he was discharged under the merit system on December 28, 1920, but no discharge papers were issued to him; that he has been held since that time under the sentence of the Circuit Court of Jackson County to serve out the remainder of that sentence after the revocation of his parole, and is now held under said sentence which will expire, under the three-fourths law, on January 5, 1923.

Section 2292, Revised Statutes 1919, reads, in part: "and if any convict shall commit any crime in the penitentiary, or in any county of this state while under sentence, the court having jurisdiction of criminal offenses in such county shall have jurisdiction of such offense, and such convict may be charged, tried and convicted in like manner as other persons; and in case of conviction, the sentence of such convict shall not commence to run until the expiration of the sentence under which he may be held."

Section 4165, Revised Statutes 1919, reads: "Any person who shall commit any offense while at large under parole may be arrested and tried in the same manner as if he had not previously been convicted or paroled."

The language of this section seems to be general, but that it applies to other than judicial paroles it is unnecessary to decide. By Section 12543, Revised Statutes 1919, the Governor is authorized to grant commutations, paroles and pardons. Certain it is that while the petitioner was at large under a parole granted as an act of executive clemency, he was still under sentence

within the meaning of Section 2292, and having been charged, tried and convicted of another offense while so at large ''the sentence of such convict shall not commence to run until the expiration of the sentence under which he is held.'' In other words, the sentences are cumulative.

This was the conclusion reached in Ex parte Allen, 196 Mo. 226. In that case, after Allen had been convicted and while he was being held in the county jail awaiting removal to the Penitentiary, he committed another felony for which he was tried, convicted and sentenced. At the expiration of the period of the first sentence, he sought to be released on the ground that the sentences were concurrent. In an opinion by GANTT, J., this court held that the case came within the provisions of Section 2383, Revised Statutes 1899, now Section 2292, and that the sentences were cumulative.

It seems, however, that the Board of Prison Control made its records show that the petitioner was held under the conviction and sentence of the Jasper County Circuit Court from the time he was received under that sentence; that after the time he was entitled to his discharge from that sentence, the prison records show that he has been held under his first conviction to serve out the remainder of his term, dating from his parole. Under the provisions of Section 2292, the sentence for the conviction in the Circuit Court of Jasper County began at the expiration of the first sentence. The petitioner, however, has not been prejudiced by the mistaken views of the Board of Prison Control and can take no advantage of their erroneous system of bookkeeping. The law fixes the sequence of the terms of imprisonment. [Ex parte Jackson, 96 Mo. 116, 120.]

Section 1946, Revised Statutes 1919, has no application to the facts in this case. There was no error in either judgment. The petitioner was properly sentenced in each case to the Penitentiary.

The writ is denied. The prison records should be amended to conform to the requirements of the law as above indicated. It is so ordered. All concur.