Ex Parte Frank Green.—17 S. W. (2d) 939.

Court en Banc, April 10, 1929.

GANTT, J.—*Habeas Corpus.* On May 24, 1921, in the Circuit Court of St. Charles County, the petitioner was convicted of highway robbery and sentenced to the penitentiary for seven years, where he was confined until July 12, 1923, when he was released by the Governor commuting his sentence to a parole on the following conditions:

"That he in future obey the laws of the State, conducting himself in all respects as a law-abiding citizen, refrain, absolutely, from the use of intoxicating liquors and immediately upon his release go to Norborne, Mo., and at once report to Mr. John D. Callaway and

under Mr. Callaway's supervision and direction obtain proper employment. This parole is issued upon the express understanding and condition that John D. Callaway of Norborne, Mo., holds himself personally responsible to the Governor for Frank Green's proper employment, good behavior and compliance with the conditions of this parole up to and including August 15, 1926. Upon the further condition that Mr. Callaway does not in any way employ the said Frank Green.''

The Governor thereby changed the sentence of confinement to one of parole on conditions, and the petitioner upon his release under the parole became a convict at large under the sentence of the parole.

On January 8, 1925, said parole was revoked by the Governor in the following words:

''. . . And whereas it has been made to appear to the undersigned, Governor of the State of Missouri, that the said Frank Green has violated the terms and conditions of said commutation parole in this, to-wit: That he has been arrested, charged with breaking into a store at Waverly, Missouri, and is now in jail at Lexington, Missouri, awaiting trial, has not obeyed the laws of the State of Missouri, or conducted himself in all respects as a law-abiding citizen since the date of his parole.

''Now, therefore, in consideration of the premises and by virtue of authority in me vested, I, Arthur M. Hyde, Governor of the State of Missouri, do hereby annul, cancel and revoke the parole commutation granted the said Frank Green upon the said 12th day of July, 1923, and hereby order and direct that the warden or deputy warden of the State Penitentiary arrest and detain the said Frank Green and return him to the State Penitentiary at Jefferson City, Mo., where the warden shall confine him until he shall have served the remainder of said seven years' sentence which has not been served in accordance with the terms of the criminal judgment upon the date of his release from said penitentiary on said commutation parole issued upon said July 12, 1923, aforesaid.''

Thereafter, in the Circuit Court of Lafayette County, and on March 11, 1925, the petitioner was tried, found guilty and sentenced to the penitentiary for five years for burglarizing the store at Waverly, in Lafayette County, and again confined in the penitentiary.

The revocation of the parole became effective upon the petitioner's conviction and sentence in said court. That was a judicial determination that he had violated one of the conditions of his parole. [Ex parte Strauss, 7 S. W. (2d) 1000.]

The Warden of the Penitentiary, by his return, states that he holds the petitioner under the authority of a commitment, dated May 24, 1921, issued by the Circuit Court of St. Charles County. He further states that the petitioner has completed his sentence under the com-

mitment which was issued by the Circuit Court of Lafayette County, dated March 17, 1925, and that he is now being held to complete the sentence on the commitment from St. Charles County by virtue of the fact that the petitioner had been paroled under said last commitment on July 12, 1923, and that said parole was revoked by the Governor on January 8, 1925.

Certified copies of the commitments issued by the Circuit Courts of Lafayette and St. Charles counties, and a certified copy of the revocation of the parole, are attached to and made a part of the Warden's return.

The Warden is mistaken when he states in his return that the petitioner when again confined in the penitentiary first served his sentence under the commitment issued by the Circuit Court of Lafayette County.

When the petitioner was returned to the penitentiary he was there under commitments from the circuit courts of both St. Charles and Lafayette counties. The warden and other officials were without authority to determine the order in which the sentences should be served. That question is determined by Section 2292, Revised Statutes 1919, as follows:

". . . and if any convict shall commit any crime in the penitentiary, or in any county in this State while under sentence, the court having jurisdiction of criminal offenses in such county shall have jurisdiction of such offense, and such convict may be charged, tried and convicted in like manner as other persons; and in case of conviction, the sentence of such convict shall not commence to run until the expiration of the sentence under which he may be held."

It follows the petitioner is remanded to the custody of the Warden to serve the sentences imposed in accordance with the views herein expressed. All concur, except *Blair, J.,* not sitting.