DOWD, WARDEN, ETC. *v.* BASHAM.

[No. 29,029. Filed January 18, 1954. Rehearing denied April 1, 1954.]

*Edwin K. Steers,* Attorney General, and *Carl M. Franceschini,* Deputy Attorney General, for appellant.

*J. Chester Allen* and *Allen & Allen,* of South Bend, for appellee.

DRAPER, C. J.—This is an appeal from a judgment granting a writ of habeas corpus.

Appellee was convicted in the St. Joseph Circuit Court on July 23, 1941, and sentenced to serve not less than two nor more than fourteen years on one charge and not less than two nor more than twenty-one years on another charge. These sentences ran concurrently and were to be served in the Indiana Reformatory. On October 10, 1947, while out on parole from said sentences, appellee was convicted of second degree burglary in the St. Joseph Circuit Court and was sentenced to the Indiana State Prison for a term of two to five years.

On being delivered to the Indiana State Prison on October 13, 1947, appellee was declared to be a parole violator and after a hearing before the board of trustees of said prison acting as a porale board, was required to serve five years of the original sentences. He was discharged from these on June 23, 1952, given a new prison number and started to serve the sentence of

two to five years which was imposed on October 10, 1947.

Appellee's petition for writ of habeas corpus was filed on October 22, 1952. It is his contention that on October 10, 1952, he had completed serving his full maximum sentence for second degree burglary and he was therefore entitled to discharge on that date. The answer depends upon whether he started to serve the burglary sentence on October 10, 1947, or on June 23, 1952.

At the time the appellee was sentenced to the Indiana State Prison on October 10, 1947, there was in full force and effect in Indiana the following statutes: Acts 1857, ch. 56, §6, being Burns' 1942 Repl., §13-210 which reads in part as follows:

". . . The term of service and imprisonment of every convict shall commence from the day of his conviction and sentence."

Acts 1947, ch. 61, §1, being Burns' 1942 Repl., 1953 Supp., §9-2250 which reads as follows:

"Any prisoner who has been sentenced and committed to the Indiana State Prison, Indiana Women's Prison or the Indiana Reformatory, and has been released upon parole therefrom and while at large upon such parole said prisoner shall commit another crime and upon conviction thereof shall be sentenced anew to one of the institutions named herein, said prisoner shall be subject to serve the second sentence after the first sentence is served or annulled, and the second sentence is to commence from the termination of his or her liability, upon the first or former sentence."

Although the appellee was first sentenced to the Reformatory, it is clear that when he was sentenced on October 10, 1947, to the State Prison he was sentenced "anew" within the meaning and intent of §9-2250, supra.

Sec. 9-2250, *supra,* is not of doubtful import. It applies in this case. It is a special and particular provision which creates an exception to the generality of § 13-210, *supra.* Sec. 9-2250 deals with a specific part of the general subject covered by § 13-210, and as a result § 13-210, the general, will apply only where § 9-2250, the specific, is inapplicable. *Kingan & Co.* v. *Ossam* (1921), 190 Ind. 554, 131 N. E. 81; *Detrich* v. *Howard* (1946), Cir. Ct. of Appeals, 7th Cir., 155 F. 2d 307; *Callahan* v. *United States* (1941), U. S. Ct. of Appeals for the Dist. of Columbia, 122 F. 2d 216; 82 C. J. S., Statutes, § 347b.

In sentencing the appellee on October 10, 1947, the court complied with the provisions of Burns' 1942 Repl., § 9-1820, which has to do with the imposition of indeterminate sentences for felonies. No reference was made to appellee's status as a parole violator, and no attempt was made to fix the time when the sentence of two to five years was to begin to run. In the absence of a statute to the contrary, the time when a term of imprisonment is to begin need not, and we think should not, be specified in the sentence. "The essential part of the judgment of conviction is the punishment, and the amount thereof, without reference to the time when it shall be executed." *Brooke* v. *State* (1930), 99 Fla. 1275, 128 So. 814, 69 A. L. R. 1173, Anno., 1177; 24 C. J. S., Criminal Law, § 1581b and cases cited.

The terms of a sentence must be read, construed, and executed in the light of applicable statutory provisions. In the situation presented here the law fixed the time when appellee's service of the sentence pronounced on October 10, 1947, should begin to run. It fixed that time as the date upon which the appellee's liability upon the former sentences terminated. The punishment adjudged by the court under

the earlier sentences was for the maximum term prescribed by the statute. The earlier termination of it was a matter within the discretion of the board of trustees, and the discretion of the board in that respect is not subject to the control or supervision of the courts. The power to shorten a prisoner's period of service under an indeterminate sentence is not judicial. It is a ministerial or administrative power with which the court has no concern. *Miller* v. *The State* (1898), 149 Ind. 607, 49 N. E. 894, 40 L. R. A. 109; *Terry* v. *Byers* (1903), 161 Ind. 360, 68 N. E. 596; *State* v. *Page* (1899), 60 Kan. 664, 57 Pac. 514.

Sec. 9-2250, supra, is mandatory and self executing. It operated to postpone the execution of the sentence for second degree burglary until the other sentences had been served or annulled. *Canfield* v. *Commissioner of Pardons and Paroles* (1937), 280 Mich. 305, 273 N. W. 578; *People ex rel.* v. *Twombly* (1920), 228 N. Y. 33, 126 N. E. 255; *Commonwealth* v. *Burke* (1950), 166 Pa. Super. 194, 70 Atl. 2d 663; *Wears* v. *Hudspeth* (1949), 167 Kan. 191, 205 Pac. 2d 1188; *Ex Parte Green* (1929), 322 Mo. 857, 17 S. W. 2d 939; *Lee* v. *Gilvan* (1921), 287 Mo. 231, 229 S. W. 1045.

The legislature could not increase the term of imprisonment as assessed by the court, *Kunkel, Warden* v. *Moneyhon* (1938), 214 Ind. 606, 17 N. E. 2d 82, nor did it undertake to do so. When the board determined that the appellee should be discharged from further confinement under the earlier sentences on June 23, 1952, it shortened appellee's period of service as imposed by the courts. It did not extend it. The legislature could and did postpone the date upon which the appellee would begin to serve the sentence imposed for the crime he committed while at large on parole until the earlier sentences were served

or annulled. The appellee clearly falls within the provisions of §9-2250. The legislature furnished a law which would operate automatically under certain conditions. The appellee furnished the conditions upon which the law operated, and he has no just cause for complaint.

The appellee asserts that §9-2250 is unconstitutional in several respects. Some have been disposed of by our construction of §9-2250. Others have not been supported by reason or authority and they must therefore be deemed waived under Rule 2-17(f).

We hold that the sentence imposed on October 10, 1947, began to run on June 23, 1952, the date of appellee's discharge from the previous sentences, and the court below therefore erred in ordering his release on writ of habeas corpus.

Judgment reversed and cause remanded with instructions to deny the writ.

NOTE.—Reported in 116 N. E. 2d 632.