**Winston POSEY, Petitioner-Appellant,**

v.

**J. Ellis OVERLADE, Warden of the Indiana State Prison, Respondent-Appellee.**

No. 11679.

United States Court of Appeals. Seventh Circuit.

June 14, 1956.

---

2. For a somewhat different and interesting discussion of this problem see Gallagher v. Smith, 3 Cir., 223 F.2d 218.

Winston Posey, Michigan City, Ind., for appellant.

Edwin K. Steers, Atty. Gen. of Indiana, Richard M. Givan, Deputy Atty. Gen., for respondent-appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

DUFFY, Chief Judge.

This is an appeal from an order of the District Court refusing to reopen a *habeas corpus* proceeding. The issues were submitted to us upon the briefs filed by the respective parties.

On December 17, 1936, petitioner, appearing *pro se*, entered a plea of guilty in the Criminal Court of Lake County, Indiana, to a charge of kidnapping. The Court sentenced him to life imprisonment.

On June 22, 1943 petitioner filed in the United States District Court for the Northern District of Indiana, a petition for a writ of *habeas corpus*. Petitioner averred that he had been deprived of due process in the State court because, in answer to his inquiry whether he was not entitled to the advice of counsel before entering a plea, the prosecuting attorney advised that such procedure would be useless, and the best thing for petitioner to do was to plead guilty; that petitioner was then a poor person and unable to employ counsel, and so informed the court; that he also informed the court that he was ignorant of the law and did not understand what elements were necessary to constitute the crime charged, and, therefore, did not know whether he was guilty or not guilty, but that the court insisted petitioner enter a plea, and he thereupon did enter a plea of guilty.

Respondent filed a motion to dismiss the petition but the District Court denied same, and ordered that a writ of *habeas corpus* be issued. Petitioner asserts that while said petition was pending, a governor's parole was granted to petitioner, and on December 24, 1944, he was released from the Indiana State Prison.

On January 22, 1945 the District Court entered this order: "It having been brought to the attention of the Court that the petitioner is no longer in the custody of the respondent, it is Ordered that the writ of *habeas corpus* heretofore issued be, and it is hereby dismissed and held for naught."

Petitioner was out of prison for a period of about five years. However, on March 30, 1949 he was convicted in the Criminal Court of Lake County, Indiana,

of the crime of robbery and was sentenced to a term of ten years in prison.

Petitioner asserts that in June of 1949 the Board of Trustees of the Prison ordered the 10-year sentence to be held in abeyance, and that petitioner be held on the commitment for kidnapping.

An Indiana statute then in force provided: "Any prisoner who has been sentenced and committed to the Indiana State Prison, Indiana Women's Prison, or the Indiana Reformatory, and has been released upon parole therefrom and while at large upon such parole said prisoner shall commit another crime and upon conviction thereof shall be sentenced anew to one of the institutions named herein, said prisoner shall be subject to serve the second sentence after the first sentence is served or annulled and the second sentence is to commence from the termination of his or her liability upon the first or former sentence." Acts 1947, Ch. 61, § 1, being Burns' 1942 Repl., 1953 Supp., § 9–2250. The Indiana courts have sustained the validity of this section. Dowd v. Basham, 233 Ind. 207, 116 N.E.2d 632.

On August 18, 1949 petitioner filed in the United States District Court a petition to reopen the *habeas corpus* proceeding and respondent filed a motion to dismiss. Petitioner was represented by counsel. The motion to dismiss was granted on January 28, 1950, Judge Swygert being of the opinion that the petition to reopen was premature, and that only when petitioner had served the minimum amount of time on his second sentence would he be entitled to question the legality of the original sentence and judgment.

Petitioner filed in this Court what was designated as a writ of certiorari. However, we considered the petition as a notice of appeal. It appearing that the time for appeal had expired prior to the filing of the petition in our Court, we entered an order on September 20, 1950 dismissing same for want of jurisdiction.

On December 3, 1955 petitioner filed in the United States District Court a second petition to reopen the *habeas corpus* proceeding. This motion was denied by Judge Parkinson on December 8, 1955. Thereafter, petitioner claims to have been advised that his 10-year sentence would be "fully clear" on December 30, 1955.

On January 12, 1956 petitioner filed his third petition to reopen the *habeas corpus* proceeding. On the same day Judge Parkinson denied the petition and refused to issue a certificate of probable cause. On February 1, 1956 petitioner filed with this Court his petition for a "Verified Petition for an Appeal", and asked for a certificate of probable cause and for leave to proceed in *forma pauperis*. On February 3, 1956 Judge Lindley of this Court issued a certificate of probable cause; granted the motion to proceed in *forma pauperis*, and ordered that a transcript of the record on appeal be prepared and certified to this Court. We further waived the printing of the transcript and of the appellant's brief.

■ The District Court was clearly correct in refusing to reopen a proceeding for *habeas corpus* several years after a final order had been entered therein dismissing the cause. Rule 60, Federal Rules of Civil Procedure, 28 U.S.C.A. We are, of course, concerned that petitioner has never had a hearing upon the constitutional question of whether he was deprived of the right to counsel. However, we are powerless to order a hearing on that question in this cause.

■ Petitioner may again petition for a writ of *habeas corpus* providing he can show that he has exhausted his state remedies. The Supreme Court of Indiana must first be given an opportunity to pass upon questions attempted to be raised in the Federal Courts. Indiana law permits an appeal from a judgment of conviction after the original time for taking an appeal has elapsed. Petitioner may avail himself of the services of the Public Defender of Indiana. We make

these suggestions because petitioner is a layman, but without expressing any opinion upon the merits of the questions which petitioner raises.

The order refusing to reopen the *habeas corpus* proceeding is

Affirmed.