**Roy Dean LEE, Appellant,**

v.

**Albert TUTSIE, Chairman of Indiana Parole Board, and Department of Correction, Appellee.**

No. 1178S248.

Supreme Court of Indiana.

Jan. 23, 1980.

___

1. Ind.Code § 35–50–2–5, in pertinent part, states: "A person who commits a Class B Felony shall be imprisoned for a fixed term of ten (10) years, with not more than ten (10) years

added for aggravating circumstances or more than four (4) years subtracted for mitigating circumstances; * * *."

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Lee, was sentenced in October, 1976, to a term of seven years imprisonment upon conviction for delivery of a controlled substance, and committed to the state reformatory. At that time he was on parole. Two months later in December, 1976, at a hearing the Parole Board revoked his parole and ordered that he be required to serve the remaining four month balance of his old commitment before commencing service of the new one. Subsequently, the Board refused to credit his new seven year sentence with the two months served from October, 1976 to December, 1976, and upon challenge to such refusal, the trial court held that the Board had properly construed the applicable law.

The statute governing here provides:

"Any prisoner who commits a crime while at large upon parole and who is convicted and sentenced therefor may be required by the board to serve such sentence after the original sentence has been completed." Ind.Code § 11–1–1–11.

Appellant concedes that he was on parole at the time he committed the drug delivery offense, and that the Board had discretionary authority pursuant to this statute to hold the new seven year sentence in abeyance. Appellant contends, however, that this statute unlike its predecessor as construed in *Dowd, Warden, etc. v. Basham*, (1954) 233 Ind. 207, 116 N.E.2d 632, does not automatically postpone the commencement of a new sentence, but requires formal action by the Board to accomplish that. Accordingly, appellant concludes that under general law his seven year sentence commenced to run at the time of sentencing and continued to so run until the affirmative action by the Board in December, 1976, stopped it, and that he is therefore entitled to the two month credit claimed.

The general common law rule in Indiana is that confinement in a penal institution upon commitment serves to satisfy the sentence which underpins the commitment. *Stuck v. State*, (1972) 259 Ind. 291, 286 N.E.2d 652. Such rule is, however, subject to modification by legislative enact-

ment. *Dowd, Warden, etc. v. Basham, supra.* The statute presently under consideration creates an exception to the general common law rule, and subjects sentences of the class to which it applies, to its scheme. The statute grants authority to the Parole Board to fix the date upon which the entire newer sentence shall commence to be served. The Board cannot act upon this authority until the prisoner reaches the institution and is provided due notice of a hearing for such purpose. *Hawkins v. Jenkins,* (1978) Ind., 374 N.E.2d 496. In order to effectuate the policy of the statute, through the Board, the statute by its own force temporarily delays the fixing of the date of commencement of the newer sentence until the Board has an opportunity to act, and to then relate its decision back to the date of commitment for the purpose of giving credit to the prisoner for time served between commitment and the Board's decision upon the newer sentence. The Board has in effect been empowered to require the new sentence to commence as of the date of commitment on it, or as of the completion of the older commitment, or as of some other date between these two extremes. The Board, therefore, did not misinterpret this governing statute when it refused appellant credit upon his seven year sentence for time served from commitment upon it to the time it acted to fix the commencement date.

The judgment is, therefore, affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.