## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2017, 10:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Derek Carter
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derek Carter,

*Appellant-Petitioner,*

v.

Keith Butts, Warden of the New Castle Correctional Facility,

*Appellee-Respondent.*

December 19, 2017

Court of Appeals Case No.
33A01-1707-MI-1668

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1704-MI-38

**Bradford, Judge.**

# Case Summary

Appellant-Petitioner Derek Carter admitted to violating the terms of his parole and his parole was consequently revoked. Carter then filed a writ of habeas corpus. The trial court treated Carter's challenge as a petition for post-conviction relief[1] and granted summary disposition in favor of the State.[2] Carter appeals, arguing that (1) the evidence is insufficient to prove that he violated the terms of his parole, and (2) he was denied the opportunity to present certain evidence and to call and question a particular witness during the parole revocation hearing. The record reveals that Carter admitted to violating the terms of his parole. As such, we conclude that Carter's challenge to the sufficiency of the evidence to prove his violation is without merit. Further, given Carter's admission, any error relating to his claimed lack of an opportunity to present a defense is at most harmless. We therefore affirm.

# Facts and Procedural History

Carter is currently incarcerated at the New Castle Correctional Facility and is serving a twenty-year sentence for Class B felony robbery. On September 8,

---

[1] In treating Carter's challenge as a petition for post-conviction relief, the trial court appeared to recognize that while Carter stated that he was being unlawfully incarcerated and was entitled to immediate release, Carter was actually challenging the propriety of the revocation of his parole. Stated differently, the trial court appeared to realize that while Carter argues that the revocation of his parole was improper and, as a result, he should be released from incarceration, he does not argue that his sentence has expired or that he should no longer be subject to the terms of his parole.

[2] Appellee-Respondent Keith Butts is named in the underlying proceedings in his position as a representative of the State of Indiana.

2015, Carter signed a conditional parole release agreement. This agreement provided that Carter understood that certain actions, including using illegal drugs, would qualify as a violation of the conditions of his parole. He was mandatorily paroled on February 13, 2016.

[3] While on parole, Carter provided a positive drug screen on May 20, 2016. Carter admitted that he had used marijuana prior to submitting to the drug screen. On June 16, 2016, Carter was found to be living at an unapproved address. He had not notified his parole agent of any change in address. A week later, during an unannounced visit by parole staff, a bag containing marijuana was found in the home where Carter was staying. Carter was home alone at the time. Carter was subsequently charged with violating the terms of his parole by testing positive for marijuana, possession of marijuana, and an unauthorized change of residence. Carter waived his right to a preliminary hearing on all three allegations.

[4] On August 11, 2016, Carter waived his right to forty-eight-hour notice of his parole hearing. Carter's hearing was held later that day. During his hearing, Carter denied having an unauthorized change of residence. However, he admitted that he had violated the terms of his parole by using marijuana. The Parole Board found him guilty of violating the terms of his probation by both using marijuana and having an unauthorized change of residence. As a result of this finding, the Parole Board revoked Carter's parole and "assessed the balance of [his] sentence." Appellee's App. Vol. II, p. 30. His current projected release date is March 17, 2022.

[5] In March or April of 2017, Carter filed a writ of habeas corpus, challenging the revocation of his parole.[3] Carter alleged that he was denied his due process rights because he received untimely notice of the parole revocation hearing. Carter also alleged that he was denied the opportunity to present certain evidence and to call and question a particular witness during the parole revocation hearing. The State subsequently filed a motion for summary disposition, arguing that Carter's challenge should be treated as a petition for post-conviction relief. On June 26, 2017, the trial court issued an order granting summary disposition in favor of the State. This appeal follows.

# Discussion and Decision

## I. Standard of Review

[6] Carter appeals from the summary disposition of his claim that his parole was improperly revoked.

> We review the grant of a motion for summary disposition in post-conviction proceedings on appeal in the same way as a civil motion for summary judgment. *Norris v. State*, 896 N.E.2d 1149, 1151 (Ind. 2008). Summary disposition, like summary judgment, is a matter for appellate de novo review when the determinative issue is a matter of law, not fact. *Id.* Summary disposition should be granted only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Ind. Post-Conviction Rule 1(4)(g). "We must resolve all

---

[3] The Chronological Case Summery indicates that Carter's writ of habeas corpus was filed on April 17, 2017. However, the writ itself is dated March 27, 2017.

doubts about facts, and the inferences to be drawn from the facts, in the non-movant's favor." *Allen v. State*, 791 N.E.2d 748, 753 (Ind. Ct. App. 2003), *trans. denied*.

*Komyatti v. State*, 931 N.E.2d 411, 415–16 (Ind. Ct. App. 2010).

# II. Revocation of Carter's Parole

Carter contends that the revocation of his parole was improper because the evidence is insufficient to prove that he violated the terms of his parole. He also contends that he was denied the opportunity to present certain evidence and to call and question a particular witness during the parole revocation hearing. For its part, the State contends that the trial court properly entered judgment in its favor.

## A. Sufficiency of the Evidence to Prove Parole Violation

Carter claims that the evidence presented before the Parole Board was insufficient to prove that he violated the terms of his parole. However, review of the record reveals that Carter admitted that he violated the terms of his parole. Specifically, Carter admitted that he violated the terms of his parole by using marijuana. We believe, similar to revocation of probation, violation of a single parole condition is sufficient to revoke parole. *Cf. Hubbard v. State*, 683 N.E.2d 618, 622 (Ind. Ct. App. 1997). Given Carter's admission, we conclude that the evidence is sufficient to justify the revocation of his parole.

# B. Admission of Evidence

Carter also claims that the Parole Board erred by denying him the opportunity to present a defense. Specifically, Carter argues that he should have been permitted to introduce certain evidence and to call and question a particular witness.[4] "It has long been the rule in Indiana that the discretion of the Parole Board is not subject to supervision or control of the courts." *Hawkins v. Jenkins*, 268 Ind. 137, 143, 374 N.E.2d 496, 500 (1978) (citing *Dowd v. Basham*, 233 Ind. 207, 212, 116 N.E.2d 632, 635 (1954); *Terry v. Byers*, 161 Ind. 360, 363, 68 N.E. 596, 597–98 (1903)). Furthermore, "[e]rrors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." *Montgomery v. State*, 21 N.E.3d 846, 857 (Ind. Ct. App. 2014) (quoting *Fleener v. State*, 656 N.E.2d 1140, 1141 (Ind. 1995)). "In other words, we will find an error in the exclusion of evidence harmless if its probable impact on the jury, in light of all of the evidence in the case, is sufficiently minor so as not to affect the defendant's substantial rights." *Id*. (citing *Williams v. State*, 714 N.E.2d 644, 652 (Ind. 1999). *cert. denied*).

Again, Carter admitted to violating the terms of his parole by using marijuana. Given this admission, which again was sufficient to justify the revocation of his parole, we believe that it is improbable that either the exclusion of the evidence

---

[4] Both the evidence that Carter sought to introduced and the subject of the testimony of the witness Carter sought to call related to whether Carter had an unauthorized change of residence. Neither had any relation to whether he violated the conditions of his parole by using marijuana.

that Carter sought to introduce or the testimony of the witness that Carter wanted to question affected Carter's substantial rights. As such, we conclude that at most, the exclusion of said evidence was harmless. *See id*. Furthermore, to the extent that Carter raises additional challenges regarding the validity of the revocation of his parole, we conclude that such additional alleged errors are also harmless given his admission.

[11] The judgment of the trial court is affirmed.

Robb, J., and Crone, J., concur.